■ DAYTONA CABANA ASSOCIATES et al., Appellants, v DAYTONA CABANA MOTEL, INC., et al., Respondents.—Order, Supreme Court, New York County, entered February 9, 1977, denying plaintiff's motion for renewal, unanimously reversed, on the law; renewal granted and, upon renewal, the judgment is modified to the extent of denying summary judgment to the defendants; vacating the declarations except for that in the third decretal paragraph; and severing that portion of the third decretal paragraph which states "that the defendants have not as of the date of the commencement of this action breached * * * the requirements set forth in section XII of said contract of lease dated January 15, 1962," without costs or disbursements. Appeal from the judgment of the Supreme Court, New York County, entered August 9, 1976, granting summary judgment to the defendants, unanimously dismissed as academic, without costs or disbursements. Daytona Cabana Associates (Associates) had entered into an agreement of lease with Daytona Cabana Motel (Motel) for a 15-year period with an option to renew the lease for three successive 15-year terms. Each renewal was to be

exercised by giving written notice to the lessor at least six months prior to the termination of the next preceding lease period. The original 15-year term commenced on January 15, 1962. The clauses of the agreement of lease pertinent to this appeal are three in number; they are described in the lease as sections IV (B), XII and XXIII. Section IV (B) provided, *inter alia,* for the payment of amortization and interest (characterized as "additional rent") on all mortgages which were liens on the premises on the date of the execution of the lease. Section XXIII provided that, at the end of the first 15-year term, refinancing of the mortgages could be obtained under certain terms and conditions. Section XII provided that the lessee was responsible at its own expense to procure and keep in force certain types of insurance, as specified in detail in the lease. It was the alleged failure of the lessee to comply with section XII which precipitated notices to Motel as lessee to comply with those terms of the lease, and ultimately Associates claimed that Motel was in default. Associates then brought this suit for declaratory relief, stating that the lessee is obligated to pay the costs of amortization and interest resulting from refinancing, and that it breached its obligations by failing to comply with the insurance provisions in the contract, rendering it void. Special Term found in favor of the lessee, declaring that it did not breach section XII of the lease (insurance provisions). It was further declared that the lessee was not responsible to pay any additional amortization and interest after satisfaction of the mortgages outstanding at the time of the execution of the agreement of lease. We note at the outset that the lessor on appeal is no longer urging the breach of the section XII insurance provisions, and we therefore have severed that portion of the judgment and allowed it to stand. However, we disagree with the conclusion reached by Special Term regarding sections IV (B) and XXIII. We find that the two clauses, read together, create an ambiguity not capable of summary resolution. Section IV (B) would appear on its face to require payment of amortization only of the mortgages outstanding at the time of execution of the agreement. Section XXIII, which contemplates refinancing, is silent as to who is responsible to make the amortization payments. The lessor claims it is the lessee and, understandably, the lessee takes the opposite position. If, as the lessee claims, it is only obligated to pay amortization of mortgages outstanding at the time of the execution of the initial lease, why is section XXIII in the agreement? If, as the lessor claims, the lessee is obligated to pay amortization after refinancing, why does not the lease so state? These ambiguities create material and triable issues of fact which mandate denial of summary judgment. Concur—Silverman, J. P., Evans, Lane and Markewich, JJ.